UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY CHAPARRO, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> BRIAN REARDON, : <br> : <br> Respondent. : <br> : | Civ. No. 14-5412 (KM) <br><br> OPINION |

**KEVIN MCNULTY, U.S.D.J.**

## I.     INTRODUCTION

The petitioner, Anthony Chaparro, is a pretrial detainee at the Union County Jail in Elizabeth, New Jersey.  He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Chaparro's application to proceed *in forma pauperis* will be granted based on the information provided therein.  For the following reasons, his habeas petition will be dismissed without prejudice.

## II.     BACKGROUND

Mr. Chaparro was sentenced in 2003 to life plus ten years with a thirty-three-and-one half year parole disqualifier for first degree aggravated sexual assault and second degree robbery in New Jersey Superior Court.  *See New Jersey v. Chaparro*, Indictment No. 03-01-0038, 2013 WL 827979, at *1 (N.J. Super. Ct. App. Div. Mar. 7, 2013).  Based on the allegations in the habeas petition, it appears that Mr. Chaparro's conviction was overturned and that he is awaiting retrial. Petitioner lists himself as a pretrial detainee in this habeas petition.

This petition requests that this federal court intervene on Chaparro's behalf in his retrial proceedings in state court.  Specifically, he requests

1

> the Court to issue an order and order to stop the [state] court from manipulating the proceedings to favor the prosecutor, to appoint competent counsel for [his] defense and order prison authorities to return all legal materials to me here at the county jail that are being retained at the New Jersey State Prison in Trenton, New Jersey[,] or for the Court to dismiss all charges against [him].

(Dkt. No. 1 at p. 8.) He further requests that this Court stop all further criminal proceedings in state court at this time because he is innocent. (*See id.*)

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening a habeas petition, the relevant portion of 28 U.S.C. § 2243 provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Because petitioner is proceeding *pro se*, his petition is held to less stringent standards than those that apply to pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.   DISCUSSION

A habeas petition is most commonly brought to challenge a state conviction. In a proper case, however, federal courts do have jurisdiction under 28 U.S.C. § 2241 to issue a writ of

2

habeas corpus before a criminal judgment is entered against the petitioner in state court. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted). Summarizing the principles governing a federal court's granting of a writ of habeas corpus to a pretrial state detainee, the United States Court of Appeals for the Third Circuit has held:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present[; and]
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore*, 515 F.2d at 443; *see also Johnston v. Artis*, No. 13-6947, 2013 WL 6095877, at *2 (D.N.J. Nov. 19, 2013); *Wiggins v. Ellis*, No. 10-1243, 2010 WL 3909873, at *2 (D.N.J. Oct. 1, 2010).

Mr. Chaparro asserts that his State retrial proceedings are unfair and his counsel ineffective. He further proclaims his factual innocence of the state criminal charges.

Petitioner makes no showing that he has "exhausted state remedies." Indeed, he has not yet been retried, and on retrial, he might be found not guilty. Nor does Mr. Chaparro allege or establish any "extraordinary circumstances" that would justify habeas relief at the pretrial stage. This habeas petition appears to be a premature attempt by Mr. Chaparro to litigate constitutional defenses to his state charges in federal court, before he has asserted them on retrial in state court. His desire to short-circuit the state process is not an extraordinary circumstance justifying this

court's pretrial intervention. *See Duran*, 393 F. App'x at 4 (citing *Moore*, 515 F.2d at 445). For claims of this nature, the ordinary and proper procedure is for Mr. Chaparro to exhaust his constitutional claims before all three levels of the New Jersey state courts: *i.e.,* to assert these defenses at trial, and, if unsuccessful, to appeal to the Appellate Division and the New Jersey Supreme Court. If a criminal judgment is entered against him and his appeals are unsuccessful, Mr. Chaparro may then present his constitutional claims to this Court in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Scheffler v. Brothers*, No. 13-0993, 2013 WL 5287224, at *2 (D.N.J. Sept. 18, 2013) (noting that proper procedure where pretrial detainee was arguing that he should be released in a § 2241 petition due to a lack of probable cause for arrest was to exhaust his constitutional claims before all three levels of New Jersey state courts and then present them in federal court in a § 2254 habeas petition); *Bey v. Cohen*, No. 13-1301, 2013 WL 948613, at *2 (D.N.J. Mar. 11, 2013) (noting where pretrial detainee raised constitutional claims in § 2241 petition, including false arrest, proper procedure was to have petitioner exhaust his constitutional claims before all three levels of New Jersey state courts then present them in federal court in a § 2254 habeas petition).

Even as to a pretrial claim of violation of the right to a speedy trial (which might arguably be considered urgent), the United States Court of Appeals for the Third Circuit has required exhaustion of state remedies:

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These available procedures amply serve to protect [petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

4

515 F.2d at 449.

The foregoing is reason enough for this court to refrain from intervening. Another, independent reason is the abstention doctrine of *Younger v. Harris*, 401 U.S. 91 (1971). Under *Younger*, "federal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). "[T]hree conditions must be satisfied: (1) state-court proceedings must be ongoing and judicial in nature; (2) the state-court proceedings must implicate important state interests; and (3) those proceedings must afford an adequate opportunity to raise federal claims." *Hill v. Barnacle*, 523 F. App'x 856, 857-58 (3d Cir. 2013) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (citing *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005))). "If all three prongs of the *Younger* analysis are met, federal courts should abstain unless there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

The allegations of the petition establish that Mr. Chaparro is in the midst of retrial proceedings on criminal charges, ongoing state proceedings that implicate important state interests. He has the opportunity to raise his constitutional claims in his criminal trial, on direct appeal, and in state post-conviction relief proceedings. Furthermore, as explained above, Mr. Chaparro's petition does not present any extraordinary circumstances. Accordingly, the *Younger* abstention doctrine also leads the Court to conclude that dismissal of the habeas petition is appropriate. *Accord Smith v. Pennsylvania State Attorney Gen.*, No. 11-1813, 2011 WL 6012976, at *2 (M.D. Pa. Nov. 3, 2011) (applying *Younger* abstention to pretrial detainee's

habeas corpus petition that argued that more than 180 days had passed since his arrest without him bring brought to trial in violation of the Pennsylvania Rules of Criminal Procedure, challenging his continued detention without bail and that he is innocent of the charges brought against him); *Wiggins*, 2010 WL 3909873, at *3 n.4 (applying *Younger* abstention to pretrial detainee's § 2241 habeas petition that alleged that the charges against him were false, that he is innocent and that excessive force was used by the police officers during the arrest without provocation), *report and recommendation adopted,* 2011 WL 6012933 (M.D. Pa. Dec. 1, 2011).

Therefore, the habeas petition will be dismissed without prejudice, because these claims are not properly asserted in this federal Court at this time.

## V.     CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed without prejudice. An appropriate order will be entered.

DATED: September 17, 2014

_____
KEVIN MCNULTY
United States District Judge